MILES (SNOW v.). See Case No. 13,146.
MILES (WILLINK v.). See Case No. 17,708.

---

## Case No. 9,545.

### The MILETUS.

[5 Blatchf. 335.] [1]

Circuit Court, S. D. New York. July 14, 1866. [2]

CARRIERS—PERIL OF SEA—VERMIN—BILL OF LADING—STEVEDORES—COSTS.

1. Damages occasioned by vermin, on board of a ship. to a cargo, in the course of a voyage, are not the result of a peril of the sea, or of any of the dangers or accidents of navigation, within an exception to that effect in a bill of lading, but are damages for which the ship and its owner are liable, as insurers of the safe conveyance of the cargo.

[Cited in The Isabella, Case No. 7,099; The Carlotta, Id. 2,413.]

2. Where, under a special clause in a charter party, stevedores selected as agents of the shippers of a cargo, discharge it, the vessel is not liable for damages done to the cargo by such stevedores in discharging it.

[Cited in The T. A. Goddard, 12 Fed. 184; The Boskenna Bay. 22 Fed. 666; Guerard, v. The Lovspring, 42 Fed. 860.]

3. Where both parties appealed, in admiralty, and the decree below was affirmed, no costs of this court were awarded to either party.

[Appeal from the district court of the United States for the Southern district of New York.]

This was a libel in rem, filed in the district court, against the ship Miletus, by Fletcher Westray and others, owners of a cargo of tea, shipped by that vessel from Amoy, China, to New York, to recover damages to such cargo. Both parties appealed to this court from the decree of the district court. [Case No. 17,461.]

Joseph H. Choate, for libellants.
George T. Curtis, for claimant.

NELSON, Circuit Justice. I concur with the court below, that the damages caused by the destruction of the labels on the coverings of the chest of tea were occasioned by cockroaches. These vermin eat off and deface the paper labels pasted on the outside of the mats which enclose the boxes, which injury embarrasses the assortment and delivery of

---

[1] [Reported by Samuel H. Hempstead, Esq.]

[1] [Reported by Hon. Samuel Blatchford. District Judge, and here reprinted by permission.]
[2] [Affirming Case No. 17,461.]

the article to the consignees, and depreciates the market value of the same.

I also concur in the opinion, that the rule must be regarded as settled, in this court, that damages occasioned by vermin, on board of a ship, to a cargo, in the course of a voyage, are not the result of a peril of the sea, or of any of the dangers or accidents of navigation, within an exception to that effect in a bill of lading, but are damages for which the ship and its owner are liable, as insurers of the safe conveyance of the cargo. Hazard's Adm'r v. New England Marine Ins. Co., 8 Pet. [33 U. S.] 557.

I also agree, that the stevedores who discharged the ship at New York, under the special clause in the charter party, were the agents of the shippers, and that the vessel was not liable for the damages done to the packages by those parties. They were selected by the agent of the shippers, in pursuance of the authority contained in the charter party. As both parties have appealed, the decree below is affirmed, without costs to either party in this court.